**UNITED STATES of America, Plaintiff,**

v.

**PRODUCE HAWAII, INC., Defendant.**

Civ. No. 88–00396.

United States District Court,
D. Hawaii.

Aug. 2, 1989.

See also 41 B.R. 301.

Daniel Bent, U.S. Atty., Florence T. Nakakuni, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff.

Stuart Josefsberg, Braude & Margulies, Honolulu, Hawaii, for defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR PRELIMINARY AND PERMANENT INJUNCTION**

DAVID A. EZRA, District Judge.

**I. BACKGROUND**

The United States (plaintiff) brought this action against Produce Hawaii, Inc. (defendant) to collect civil penalties and for injunctive relief pursuant to 7 U.S.C. § 499a *et seq.*, the Perishable Agricultural Commodities Act ("PACA"). In the instant motion plaintiff seeks an order granting it summary judgment pursuant to Fed.R. Civ.P. 56(c) on all issues in the complaint.

Defendant began its operations purchasing fruits and vegetables for resale in April 1985.[1] All of defendant's business activi-

---

1. The predecessor to Produce Hawaii, Inc. filed bankruptcy in 1982. Its parent company, Armstrong Produce, Ltd., filed a plan of reorganiza- tion in 1984 which was approved by the bankruptcy court. Armstrong Produce, Ltd. owns

ties are carried on within and among the islands comprising the State of Hawaii.

In May 1985, defendant applied for a license from the U.S. Department of Agriculture under the PACA which would have allowed it to conduct business in interstate or foreign commerce. Because defendant's predecessor company had been discharged in bankruptcy, the U.S. Department of Agriculture required that the defendant post a $400,000 bond as a condition of the granting of that license. However, defendant's financial condition prohibited it from obtaining the required bond and on December 29, 1985, defendant's application form was returned, with no permit having been issued.

Throughout the period of time its PACA application was being considered by the U.S. Department of Agriculture, defendant shipped perishable commodities between the islands pursuant to State of Hawaii permits and maintains it was unaware that a license pursuant to the PACA was necessary to engage in that same inter-island activity.

However, defendant does not now dispute that in operating without a valid PACA license it was in *technical* violation of that statute. Instead, defendant contends its operations did not constitute an *actionable* "violation" of the PACA because its conduct was neither willful or in bad faith. Further, defendant asserts that the federal government had no intent to regulate shipments of perishable items covered by the PACA between the several islands comprising the State of Hawaii and therefore its operation could not have been an actionable violation of the Act.

## II. APPLICABLE LEGAL STANDARDS

### A. *Summary Judgment*

Fed.R.Civ.P. 56(c) provides for summary judgment when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issue of material fact." *T.W. Electrical Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

If the moving party meets this burden, then the opposing party may not defeat a motion for summary judgment absent any significant probative evidence tending to support his claim. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on his pleadings, nor can he simply assert that he will be able to discredit the moving party's evidence at trial. *See T.W. Elec., supra.*

When the "evidence" produced by each side conflicts, "the judge must assume the truth of the evidence set forth by the opposing party with respect to that fact." Inferences from the facts must be drawn in the light most favorable to the opposing party and may be drawn both from underlying facts that are not in dispute as well as from disputed facts. *T.W. Elec.*, 809 F.2d at 631.

### B. *Injunctive Relief*

 To obtain injunctive relief, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury. *Big Country Foods v. Bd.*

100% of the stock of defendant. Motion for

Summary Judgment, Exhibit 1 p. 4.

*of Ed. of Anchorage S.D.,* 868 F.2d 1085, 1088 (9th Cir.1989) (citations omitted).

## III. DECISION OF THE COURT

■ Any "merchant, broker or dealer," as defined in 7 U.S.C. § 499a (PACA), who engages in the business of buying or selling at wholesale any perishable agricultural commodity "in interstate or foreign commerce" must first obtain a license from the U.S. Department of Agriculture. "Interstate or foreign commerce" includes commerce "between points within the same State ... but through any place outside thereof." 7 U.S.C. § 499a(3).

A violator of these statutory provisions is subject to a civil penalty of $500.00 plus $25.00 per day for each day it is in violation. (7 U.S.C. § 499c(a).) In addition, that violator is subject to an order of the court restraining it from continuing such operations without appropriate licenses if such order is deemed necessary. (7 U.S.C. § 499h(d).)

Even though defendant now admits its business was "in interstate or foreign commerce" as defined by 7 U.S.C. § 499a(3)[2], it contends "there is no dominant or controlling Federal purpose or interest requiring application of the PACA to Defendant's activities, which were performed between the islands of Hawaii." Defendant's Memorandum in Opposition to Motion for Summary Judgment, p. 4, ¶ 9.

In short, it is defendant's position that Congress did not intend that the licensing or sanctioning provisions of the PACA were to be applied to the sale or transportation of produce within or between the islands of Hawaii, even though, admittedly, these islands are separated by channels defined as the "open seas." The defendant maintains this happenstance cannot convert otherwise ostensibly intrastate trade into interstate or international commerce. Defendant's Memorandum, p. 5, ¶ 10.

The PACA was enacted in 1930 "for the purpose of regulating the interstate business of shipping and handling perishable agricultural commodities such as fresh fruits and vegetables." *George Steinberg And Son, Inc. v. Butz,* 491 F.2d 988, 990 (2d Cir.1974), *cert. denied,* 419 U.S. 830, 95 S.Ct. 53, 42 L.Ed.2d 55 (1974). *See also* 1962 U.S.Code Cong. & Admin.News 2749.

Considering the unambiguous language of 7 U.S.C. § 499a(3), it is clear that Congress has expressed an intent in regulating the shipment of perishable agricultural commodities "between points within the same State ... but through any place outside thereof." Inter-island transportation of perishable commodities through or over navigable waterways of the United States constitutes "interstate commerce," as contemplated by this statutory scheme. *Island Airlines, Inc., supra.* Therefore, defendant's argument lacks merit.

Lastly, defendant argues that the individuals responsible for the conduct of defendant's operations would have had to have been either clairvoyant or prescient to conclude that the sale and/or shipment of produce between the islands of Hawaii would, as alleged, violate Federal law and would subject Defendant to the fines and penalties enumerated in the Act." Defendant's Memorandum, p. 6, ¶ 13.

However, the defendant has also acknowledged that its claimed "ignorance of the law" does not exempt it from the PACA requirements. This court finds it unreasonable to conclude that defendant would embark upon a substantial commercial venture without researching the legal requirements of that business. Further, the record indicates that defendant did in fact employ an attorney to assist it in its aborted PACA license application process.[3]

---

**2.** *See* also *Island Airlines, Inc. v. C.A.B.,* 352 F.2d 735 (9th Cir.1965) (held that the airspace outside the 3-mile limit of each island of Hawaii was within the jurisdiction of the C.A.B. even though the flights of the airline company were solely between the islands of Hawaii. The Ninth Circuit found that airspace to be "interstate" because the waters over which it was suspended was "interstate". 352 F.2d at 742.)

**3.** The following statement is found in a letter dated December 6, 1985 from defendant's insurance agent to the U.S. Department of Agriculture: "Upon acceptance [of defendant's proposal to provide Armstrong as indemnitor rather than a bond], Mr. Teruya will gladly have his legal counsel prepare the necessary documents binding Armstrong Produce, Ltd. as indemnitor."

Defendant has made no showing that it is exempt from the requirements of the PACA, that it did not violate those requirements, or that there is any basis which would otherwise exempt it from liability for those violations. Therefore, plaintiff's motion for summary judgment against defendant and for civil penalties is GRANTED. *Commodity Futures, supra; T.W. Elec., supra.*

While the plaintiff has requested an assessment of $5,050.00 in civil penalties, it has recognized that this court may, within its discretion, impose a lesser assessment if the circumstances warrant. Plaintiff's Reply Memorandum, pp. 7–8. Defendant is hereby assessed civil penalties in the sum of $1,000.00 for its violations. Under all the circumstances, this court finds that a larger amount is not justified or warranted where plaintiff did not show defendant's violations to be the result of affirmative or blatantly willful misconduct.[4]

This court also finds that plaintiff has met the test mandated for injunctive relief as outlined in *Big Country Foods, supra.* Therefore, a preliminary and permanent injunction is hereby GRANTED in favor of plaintiff and against defendant permanently restraining defendant from conducting or participating in the conduct of any business activity in violation of the PACA to include but not limited to participation in the commercial shipment of produce or other commodities covered by the Perishable Agricultural Commodities Act without a U.S. Department of Agriculture license as required by that Act.

IT IS SO ORDERED.

---

Motion for Summary Judgment, Exhibit 12, p. 2.

4. This court may, in its discretion, reduce the amount prayed for. *United States v. William B. Mandell Company,* 242 F.Supp. 873 (E.D.Pa. 1965).